PER CURIAM.
Darryl Rodwell appeals his sentence, claiming that an erroneous addition of points for victim injury on his sentencing guidelines scoresheet resulted in an unauthorized departure sentence. On March 9, 1988, he was placed on probation for aggravated assault. On December 1, 1988, he entered a negotiated plea of guilty to robbery and to violating his probation. He was sentenced to two concurrent four-year terms of incarceration.
As a condition of the plea agreement, it was promised that he would be sentenced at the low end of the sentencing guidelines range. On the sentencing guidelines score-sheet, robbery was scored as the primary offense and aggravated assault as prior record. See Fla.R.Crim.P. 3.701(d)(5) (committee notes, December, 1985 Amendment). The scoresheet included 14 points for moderate victim injury. The scoresheet placed him in the cell with a recommended range of 3½-4½ years incarceration. At sentencing, defense counsel objected to the computation, claiming there was no violence involved in the robbery offense and the 14 points for victim injury related to the aggravated assault offense for which defendant had been placed on probation.
Victim injury points are only scored for primary and additional offenses. See Rule 3.701(d)(7) (committee notes). As the aggravated assault was scored as prior record, the trial court should not have assessed victim injury points relating to that offense; however, the trial judge was under the impression that he could consider violence associated with a prior offense in assessing victim injury points. If the 14 points are subtracted from the guidelines *439 scoresheet, defendant’s score would place him in the next lower cell with a 21/⅛-3½ year recommended range. Victim injury points should be scored only if violence was involved in the robbery offense. A corrected scoresheet should be prepared.
REVERSED and REMANDED for re-sentencing.
DAUKSCH, COBB, and W. SHARP, JJ., concur.